IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                                )        CASE NO. BK08-81978-TJM
                                                 )
THERESA MARY LABENZ,                             )        CH. 13
                                                 )
                    Debtor.                      )

## ORDER

This matter was presented to the Court on a motion for order for payment of secured claim filed by creditor Joseph Labenz (Fil. #101), and a resistance filed by Debtor (Fil. #102). Ronald A. Hunter appeared for Debtor, and Marion F. Pruss appeared for Joseph Labenz. In lieu of a hearing, the parties submitted this matter on written argument.

Debtor and Joseph Labenz were formerly husband and wife. On September 17, 2007, their decree of dissolution of marriage was filed in the District Court of Douglas County, Nebraska. Pursuant to the terms of the decree, Debtor was awarded the marital home located in Omaha, Nebraska. The decree specifically provided that Debtor was awarded the marital home "to be hers absolutely, free and clear of any claim by Defendant."

In determining the value of the property allocated by the decree, including the marital home, the District Court of Douglas County provided that the home was subject to a second mortgage balance of $24,000.00. The court also specifically found that the funds borrowed against the marital home using the second mortgage were spent for marital purposes and had not been dissipated from the marital estate. Further, Debtor was ordered to pay both the first and second mortgages on the marital home, and the decree specifically found that "[e]ach party shall indemnify and hold the other harmless from all liability on the debts that they have been ordered to pay."

On August 7, 2008, Debtor filed this Chapter 13 bankruptcy proceeding. She listed the second mortgage debt of U.S. Bank on Schedule D. On July 10, 2009, Debtor filed a motion to sell the home (Fil. #83). The motion proposed to pay the indebtedness due to U.S. Bank on the second mortgage from the sale proceeds. On July 31, 2009, the motion was granted (Fil. #85).

As part of the sale process, Debtor discovered that U.S. Bank had released its second mortgage lien shortly before the filing of the bankruptcy case. Apparently, U.S. Bank discovered that its mortgage was faulty because it was signed only by Joseph Labenz and not by Debtor.[1]

On September 17, 2009, Debtor filed a motion for interim distribution of sale proceeds (Fil. #91) so that she could receive the amount of her homestead exemption, with the balance of the sale proceeds retained pending further order of this Court. Mr. Labenz resisted (Fil. #93), but the motion

---

[1] In order to be enforceable, a mortgage on a homestead must be executed by both husband and wife. Neb. Rev. Stat. § 40-103.

was granted (Fil. #100). In the order granting the motion, this Court provided that Mr. Labenz may commence appropriate proceedings to recover his claim, if any, from the remaining proceeds. Accordingly, the instant motion was filed.

Mr. Labenz argues that he has a judgment lien against the proceeds of the sale of the real estate by virtue of the divorce decree. He contends that the portion of the decree requiring Debtor to hold him harmless from the second mortgage obligation of U.S. Bank constitutes a judgment for payment of money and, therefore, constitutes a lien upon the judgment obligor's real property pursuant to Neb. Rev. Stat. § 42-370. However, that argument is not persuasive since the decree specifically awarded Debtor the property "free and clear of any claim by [Joseph Labenz]." There is nothing else in the decree to indicate that the district court intended to grant Mr. Labenz a judgment lien. *See also In re Lerdahl*, Case No. BK06-81003 (Bankr. D. Neb. Feb. 13, 2007) (holding that hold harmless obligation is not a secured claim until reduced to a money judgment). Accordingly, the claim of Mr. Labenz in this proceeding is not a judgment lien against the real estate.

Mr. Labenz next argues that Debtor should be estopped from claiming that the proceeds of the sale of her residence should not be used to hold him harmless from the U.S. Bank claim. In this regard, Mr. Labenz points out that the entire dissolution of marriage proceeding and most of the first two years of this Chapter 13 proceeding were conducted on the assumption that U.S. Bank had a valid, perfected second lien on the real estate securing the note signed by Mr. Labenz individually. In particular, the amount of the purported second lien against the real estate was duly factored into the calculation of asset values and distribution of liabilities among the parties. Debtor argues that equitable estoppel should not apply since Mr. Labenz has not proven that he somehow changed his position based on any reliance.

The factual scenario in this case is, to say the least, unique. The facts do not fit neatly into a "secured claim" payment scenario, and perhaps do not meet all of the necessary elements of equitable estoppel under Nebraska law.[2] In fact, the posture of this matter (motion for payment of secured claim) is not even correct. The real issue in this proceeding is the manner in which the remaining proceeds from the sale should be distributed. This Court, in its order granting the interim distribution, specifically retained authority with respect to such proceeds.

Regardless of whether the facts of this matter fit neatly into any asserted legal theory, one undisputed fact rises above all others. That is, the divorce decree required Debtor to pay the obligation to U.S. Bank on the "second mortgage." That indebtedness exists regardless of whether U.S. Bank properly obtained and perfected its second mortgage loan, and that obligation was taken into account when dividing the assets and liabilities of the marital estate almost two and one-half years ago. If the sale proceeds are not used to pay the indebtedness to U.S. Bank, Mr. Labenz will continue to be personally obligated to pay that indebtedness. Debtor had the duty to hold him

---

[2] Debtor argues this point in her brief, but does not recite any Nebraska or other law on the subject.

harmless from that obligation and was awarded the marital property on the premise that she would do so. In fact, the decree provided that Debtor was supposed to have refinanced the obligation to remove Mr. Labenz as an obligor within 90 days of the decree, though Debtor apparently failed to do so. It was clearly the intent of Debtor, Mr. Labenz, and the District Court of Douglas County that the U.S. Bank obligation would be paid from the proceeds of the home.

Failure to use the sale proceeds for payment of the U.S. Bank "second mortgage" debt would be inequitable, contrary to the clear intent of the divorce decree, and contrary to the terms of Debtor's own motion to sell. In addition, to the extent that Mr. Labenz has made any payments on such loan to U.S. Bank after September 17, 2007, for which Debtor has not provided reimbursement, the sale proceeds should be used to reimburse him for such amounts. Mr. Labenz also seeks payment of his attorney's fees, but the only basis recited for such fees is a contempt statute. There is no evidence that Debtor has been found to be in contempt, so that portion of the motion should be denied. Any remaining sale proceeds should be distributed in accordance with Debtor's motion to sell.

IT IS, THEREFORE, ORDERED that the motion for order for payment of secured claim filed by creditor Joseph Labenz (Fil. #101) is granted in part and denied in part as follows:

1. The remaining sale proceeds shall be used to satisfy the remaining balance due to U.S. Bank on the indebtedness described as the second mortgage loan by payment directly to U.S. Bank;

2. To the extent that Mr. Labenz has made any payments on such loan to U.S. Bank after September 17, 2007, for which Debtor has not provided reimbursement, the sale proceeds shall be used to reimburse him for such amounts;

3. The request for payment of attorney's fees and costs is denied; and

4. Any remaining sale proceeds are to be distributed in accordance with Debtor's motion to sell.

DATED: March 4, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Ronald A. Hunter    *Marion F. Pruss
    Kathleen Laughlin    United States Trustee
Movant(*) is responsible for giving notice to other parties if required by rule or statute.